IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEVEN SMITH,

    Plaintiff,

vs.

U.S. DEPARTMENT OF
TRANSPORTATION,

    Defendant.

Case No. 6:19-cv-01482-AA
OPINION AND ORDER

AIKEN, District Judge:

Pro Se plaintiff Steven Smith brings this action against the United States Department of Transportation ("DOT"), alleging that DOT violated the Freedom of Information Act ("FOIA") by failing to timely respond to plaintiff's FOIA request for DOT and Federal Aviation Administration ("FAA") records. Now, plaintiff moves for partial summary judgment as to whether he properly mailed his FOIA request. For the reasons set forth below, plaintiff's Motion for Partial Summary Judgment (doc. 6) is DENIED.

## BACKGROUND

The following facts are undisputed. On Monday, August 19, 2019, plaintiff mailed a FOIA request to DOT. Smith Mot. Partial Summ. J. at 3. He addressed the request to then DOT Secretary, Elaine Chao, at DOT's Headquarters in Washington, DC. *Id.* Plaintiff's FOIA request sought records from DOT and "all subordinate agencies including but not limited to the FAA." Smith Compl. Ex. 1.

## STANDARDS

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9h Cir. 2001).

The court must view the evidence in the light most favorable to the nonmoving party. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976).

## DISCUSSION

Plaintiff seeks partial summary judgment on the issue of whether he "properly mailed and served" his FOIA request on DOT. Smith Mot. Partial Summ. J. at 2.

Under FOIA, the United States Department of Justice organizes agencies into components to process FOIA requests. 28 CFR § 16.1(b). And each component "designate[s] a FOIA office to process records from that component." 28 CFR § 16.3.

FOIA instructs requesters to submit their FOIA requests to "the appropriate component of the agency" from which they seek records. 55 USC § 552(a)(6)(A)(ii). DOT defines "appropriate component" as the appropriate "FOIA Requester Service Center." 49 CFR § 7.24. Requesters can find the appropriate DOT Requester Service Centers and their addresses in DOT's regulations and on its website. 49 CFR § 7.27.

Plaintiff sought records from the FAA and from DOT as a whole. The FAA Requester Service Center is listed as:

> FOIA Requester Service Center at Federal Aviation
>     Administration
> 800 Independence Avenue SW., Room 306,
> Washington, DC 20591.

49 CFR § 7.27(a)(2).

Further, DOT provides that if a requester "does not know where in DOT the records are located, the person may submit the request" to:

> FOIA Requester Service Center at Office of the Secretary of
>     Transportation
> 1200 New Jersey Avenue SE., Room W94-122
> Washington, DC 20590

49 CFR § 7.27(b).

In contrast, plaintiff addressed his DOT FOIA request to:

> Elaine Chao, Secretary
> U.S. Dept. of Transportation
> 1200 New Jersey Ave. SE
> Washington, DC 20590
> ATTN: FOIA

Smith Mot. Partial Summ. J. Ex. 3.

Based on the evidence in the summary judgment record, plaintiff's mailing was not addressed to the "appropriate component," as required under FOIA and DOT's FOIA regulations. Although DOT's regulations permit plaintiff to mail his request to DOT at 1200 New Jersey Avenue, plaintiff did not specify that the recipient of the request that he sent to that location was the "FOIA Requester Service Center at Office of the Secretary of Transportation" or include Room W94-122 in the address.

Because the evidence in the record does not demonstrate that plaintiff fully complied with FOIA and DOT's regulations when mailing his request, the Court cannot conclude that plaintiff is entitled to a judgment as a matter of law on the issue of whether his FOIA request was "properly mailed and served."

## CONCLUSION

For the reasons set forth above, plaintiff's Motion for Partial Summary Judgment (doc. 6) is DENIED.

IT IS SO ORDERED.

Dated this 4th day of February 2020

_____
Ann Aiken
United States District Judge